UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RUSSELL GRANT FINNEGAN,

    Plaintiff,

        v.                                CAUSE NO. 3:21-CV-823-JD-MGG

MARY WELKER, et al.,

    Defendants.

OPINION AND ORDER

Russell Grant Finnegan, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Finnegan alleges a petition for an order of protection was filed against him by an individual named Courtney Mestrovich on October 29, 2019. Those civil proceedings were opened as cause number 66C01-1910-PO-000074 in the Pulaski County Circuit Court.[1] Finnegan retained Jay Hirschauer as private counsel on the matter, while

---

[1] The docket entries for that cause number are not publicly available. For purposes of this order only, the court assumes the facts regarding those docket entries as alleged by Finnegan are true.

Mestrovich retained Joseph Banasiak as private counsel. A hearing was set for February 4, 2020. Because Finnegan was incarcerated in the Pulaski County Jail on a bail revocation issue under a separate criminal cause number at that time, he was not physically present at the hearing. He expected to participate via phone, but he was never called. Finnegan later discovered Attorney Hirschauer had arrived twenty minutes late to the hearing and was chastised by Judge Mary Welker. When he spoke to Attorney Hirschauer that evening, he was told the hearing had run late so it needed to be rescheduled. According to Finnegan, a docket entry from that date states, "An agreement is recited that the Permanent Protective Order shall be granted and remain in place. Either party may request a change of modification, and the court will schedule a further hearing." ECF 1 at 4. Finnegan also alleges the docket notes Attorney Hirschauer arrived late and was "admonishe[d]" by the court. *Id*. Finnegan believes that Attorney Hirschauer breached a "fiduciary duty" to him by coming to an agreement with Attorney Banasiak and Judge Welker regarding the protective order. *Id*. at 5.

Finnegan subsequently terminated Attorney Hirschauer and proceeded pro se. On March 19, 2020, Judge Welker recused from the case. That same day, Finnegan filed a request to vacate and dismiss the petition. On July 1, 2020, Special Judge Kim Hall of Starke County Circuit Court accepted jurisdiction over the case and sua sponte dismissed Finnegan's motion to dismiss.

Between December of 2020 and May of 2021, Finnegan filed several motions for a hearing on the petition, all of which were opposed by Attorney Banasiak and ultimately

2

denied by Judge Hall.[2] He filed a motion asking Judge Hall to recuse, which was denied, and a motion for appointment of counsel, which went unanswered. On May 27, 2021, Finnegan filed another motion to dismiss the protective order along with a demand for a hearing, and Attorney Banasiak filed a response in opposition. Judge Hall entered an order "to stay proceedings and that Protective Order shall remain in effect and any pending matters are now stayed until further order of the court." *Id*. at 9. Finnegan has sued Judge Welker, Judge Hall, Attorney Hirschauer, and Attorney Banasiak for "punitive and exemplary" damages. *Id*. at 11.

A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. However, § 1983 has limits on the types of violations it covers and on the people or entities that may be sued. Finnegan has named

---

[2] Finnegan also alleges a status hearing was set to be held on February 9, 2021, but it was vacated after he filed yet another motion requesting a hearing. In its place, Judge Hall "Order[ed] a Contempt of Court Hearing to be held" on a date to be scheduled later. ECF 1 at 7. Of note, the publicly available online docket shows a miscellaneous criminal case was filed against Finnegan for indirect criminal contempt on October 12, 2021. In that case, Special Judge John D. Potter of the Jasper Circuit Court issued a "Rule to Show Cause for Indirect Criminal Contempt" on October 12, 2021, which references the Indirect Criminal Contempt Citation filed by Judge Hall. *See In re: Indirect Criminal Contempt of Russell Finnegan*, Cause No. 66C01-2110-MC-000168, filed Oct. 12, 2021, available at: https://public.courts.in.gov/mycase/#/vw/Search (last accessed Oct. 27, 2021). Judge Potter noted he had held a hearing on the matter in mid-August of 2021, during which he found Finnegan in "Indirect Criminal Contempt for his vulgar, disrespectful correspondence to Judge Kim Hall." *Id*. The order also noted Finnegan had subsequently submitted "pleadings, correspondence or other documents cited herein show[ing] the continuing contumacious behavior of Russell Finnegan and his blatant and continuing disrespect and flagrant disregard for the Court's authority, the Judge, and Attorneys who are officers of this Court." *Id*. That same day, Judge Potter issued an "Abusive Pro Se Litigant Order" which took judicial notice of the "Abusive Pro Se Litigant Order entered by Special Judge Hall on September 28, 2021 [and] fourteen (14) other cause numbers involving Russell Finnegan finding that Russell Finnegan was an abusive *pro se* litigant in those cases," and found him to be an abusive pro se litigant in two additional cases. *Id*.

The original rule to show cause order related to the written communications from Finnegan to the court in cause number 66C01-1910-PO-000074 was issued on June 17, 2021. *See generally In re: Indirect Criminal Contempt of Russell Finnegan*, Cause No. 66C01-2106-MC-000099, filed June 17, 2021, available at: https://public.courts.in.gov/mycase/#/vw/Search (last accessed Oct. 27, 2021).

Judge Welker and Judge Hall as defendants, but they cannot be sued for money damages under § 1983 for acts taken in a judicial capacity. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Determining when it is and is not necessary to hold hearings on matters, issuing protective orders, and granting or denying motions are all well within the jurisdiction of both judges. Therefore, the claims against Judge Welker and Judge Hall must be dismissed.

As to Attorney Hirschauer and Attorney Banasiak, "attorneys are private actors who do not function under color of law unless they work in concert with government officials to deprive persons of their constitutional rights." *Hefley v. Bruch*, 276 Fed. Appx. 506, 507 (7th Cir. 2008) (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984)). "Whether privately retained or appointed by a court, lawyers do not act under color of law merely by representing their clients." *Id*. (citations omitted). Additionally, "merely being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (ellipsis omitted)).

Here, Attorney Hirschauer is alleged to have arrived late to a hearing, agreed to the continuation of his client's protective order with the understanding either party

4

could request a change or modification of it in the future, and transmitted incorrect information about that hearing to his client. Attorney Banasiak is alleged to have participated in the hearing regarding the protective order and to have advocated on his client's behalf for the continuation of it without the need for any later hearings. Judge Welker and Judge Hall are alleged to have ruled against Finnegan. None of these facts transform Attorney Hirschauer or Attorney Banasiak into state actors or provide any basis for the existence of a conspiracy. *See Fries*, 146 F.3d at 458 (affirming dismissal of complaint because "mere allegations of joint action or a conspiracy do not demonstrate [state action] and are not sufficient to survive a motion to dismiss"); *see also Hefley*, 276 Fed. Appx. at 507 (affirming dismissal of pro se lawsuit as frivolous because plaintiff failed to allege the defendants' attorneys conspired with the judge simply because he ruled in their favor). Therefore, the claims against Attorney Hirschauer and Attorney Banasiak must be dismissed as well.[3]

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

---

[3] Finnegan also alleges he was visited by "local attorney" Dale Starkes on January 26, 2021, who informed him that Judge Hall was "in a good mood." ECF 1 at 8. He also asked Finnegan about his medical records, and Finnegan told Attorney Starkes that he did not have his consent to speak to his doctor. Attorney Starkes is not named as a defendant in this action, and, even if he was, the allegations against him do not describe any sort of constitutional claim.

5

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on October 29, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT